## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER R. HAVRON, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.  3:09-1040-MJR-CJP |
| AT&T, INC., a Delaware corporation, Serve:  CT Corporation 208 LaSalle St., #814 Chicago, IL  60604 | ) ) ) ) ) ) | |
| and | ) | JURY TRIAL DEMANDED |
| AT&T MOBILITY, LLC, a Delaware limited liability corporation, Serve:  CT Corporation 208 LaSalle St., #814 Chicago, IL  60604 | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff, Christopher R. Havron, individually and on behalf of all others similarly situated, and, for his Complaint against Defendants AT&T Inc. and AT&T Mobility, LLC (collectively, "AT&T"), states as follows:

### Nature of the Action

1.      Plaintiff brings this action on his own behalf and as representative of a class of persons consisting of all Illinois residents who contracted with AT&T to purchase internet access through an AT&T system smart phone or an AT&T datacard and were charged tax by AT&T on such internet access in violation of the Internet Tax Freedom Act, 47 U.S.C. § 151 (1998) and the Illinois Telecommunications Excise Tax Act, Section 35 ILCS 630/3.

2.      Plaintiff alleges that Defendants' unlawful assessment and collection of "taxes" on internet access sold by Defendants to Plaintiffs in Illinois constitutes a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/1 *et seq.* ("Illinois Consumer Fraud Act"), a breach of the parties' contracts and the common law duty of good faith and fair dealing, and unjust enrichment.

3.      Plaintiff seeks to recover for himself and the putative class actual damages in the amount of the state and local sales tax improperly charged by AT&T on sales of internet access, punitive damages and injunctive relief, together with costs, expenses and attorneys' fees incurred in this action.

### The Parties

4.      Plaintiff Christopher R. Havron is a citizen of the State of Illinois, residing at 6033 Cherokee Avenue, Glen Carbon, Illinois. Mr. Havron is an individual consumer who is a customer of AT&T and specifically has purchased from AT&T a wireless data plan that permits access to the internet by a radio device.

5.      Defendant AT&T Inc. ("ATT") is a Delaware corporation in good standing and is authorized to do business in Illinois. Defendant AT&T, Inc. maintains its principal place of business at 208 S. Akard Street, Dallas, Texas, but may be served in Illinois by serving its registered agent at CT Corporation System, 208 South LaSalle St., Suite 814, Chicago, IL 60604.

6.      Defendant AT&T Mobility, LLC ("ATTM") is a Delaware corporation in good standing and is authorized to do business in Missouri. Defendant AT&T Mobility, LLC maintains its principal place of business at 5565 Glenridge Connector, Glenridge Two, Atlanta, GA 30342, but may be served in Illinois by serving its registered agent at CT Corporation System, 208 South LaSalle St., Suite 814, Chicago, IL 60604.

2

7.      Collectively, Defendants are referred to as "AT&T" in this Complaint.

## Jurisdiction and Venue

8.      This Court has personal jurisdiction over Defendants because Defendants conduct business in the State of Illinois including, but not limited to, the marketing and sale of internet access services.

9.      This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2) because Plaintiff brings this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, Plaintiff and certain members of the Plaintiff class are citizens of different states from Defendants and, on information and belief, the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claim occurred in this District, as Plaintiff is a resident of Madison County.

## Facts Common To All Counts

11.     AT&T sells wireless data plans ("Data Plans") to consumers by contract on a monthly payment plan.  The purchase of a wireless Data Plan permits the purchaser to obtain access to the internet remotely either on a computer or on a so-called smart phone such as an I-Phone, a Blackberry, or a similar device.

12.     Where access is by computer only, AT&T charges a monthly fee for the use of a datacard.  The datacard permits its user to connect a computer to the internet wirelessly through a radio device embedded in the computer or through a device that connects to the computer through a PCMCIA card or USB port.  The data card does not transmit voice or pictures independently of the internet.

13.    Where AT&T's wireless Data Plans are sold to owners of smart phones, AT&T bills for internet access with a separate line item on the AT&T monthly bill. Generally speaking, Data Plans cost consumers $30 per month. Plaintiff has such a Data Plan for which Plaintiff pays charges totaling approximately $30 per month to AT&T.

14.    For certain kinds of access, AT&T charges owners of smart phones $45 per month for internet access. This plan permits users to access dedicated email servers through the internet.

15.    AT&T states the charges for internet access as a separate charge on its bills to customers.

16.    The Internet Tax Freedom Act, 47 U.S.C. § 151 (1998) as amended, bars state and local government from imposing taxes on internet access. "No State or political subdivision thereof shall impose any of the following taxes during the period beginning November 1, 2003, and ending November 1, 2014: … (1) Taxes on Internet access."

17.    Under the Internet Tax Freedom Act, the phrase "internet access" means: "a service that enables users to connect to the Internet to access content, information, or other services offered over the Internet; (B) includes the purchase, use or sale of telecommunications by a provider of a service described in subparagraph (A) to the extent such telecommunications are purchased, used or sold.-- (i) to provide such service; or (ii)to otherwise enable users to access content, information or other services offered over the Internet[.]"

18.    Section 35 ILCS 630/3 imposes a sales tax on "telecommunications service" in the State of Illinois, providing, in part:

> Beginning January 1, 1998, a tax is imposed upon the act or privilege of originating in this State or receiving in this State intrastate telecommunications by a person in this State at the rate of 7% of the gross charge for such telecommunications purchased

4

at retail from a retailer by such person. ***However, such tax is not imposed on the act or privilege to the extent such act or privilege may not, under the Constitution and statutes of the United States, be made the subject of taxation by the State.***

§ 35 ILCS 630/3 (emphasis added).

19.     Despite the prohibition on taxation of internet access under Illinois and federal law, AT&T improperly and illegally charges its Illinois customers state and local sales tax on internet access on its monthly bills.

### Class Action Allegations

20.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all Illinois consumers who entered into a contract with AT&T for the provision of internet access through a smart phone or a wireless data card.

21.     The class consists of all Illinois consumers who contracted with AT&T to purchase internet access through an AT&T system smart phone or an AT&T datacard who were charged tax on internet access.

22.     Plaintiff is a member of the class which he seeks to represent.

23.     The class consists of thousands of individuals and therefore is so numerous that joinder is impracticable.

24.     Plaintiff's claims are typical of the claims of the class because he and all members of the class have sustained damages as a result of AT&T's charging of sales tax for internet access.

25.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including but not limited to the following:

a. whether AT&T charged Plaintiff and the Class sales tax on internet access in violation of the Internet Tax Freedom Act, 47 U.S.C. § 151 (1998) and the Illinois Telecommunications Excise Tax Act, Section 35 ILCS 630/3;

b. whether AT&T's improper charging of sales tax to Plaintiff constitutes a breach of the covenant of good faith and fair dealing to the Plaintiff and the class under Illinois law;

c. whether AT&T's improper charging of sales tax violated Illinois's Consumer Fraud Act, 815 ILCS 505/1 *et seq.*;

d. whether AT&T has been unjustly enriched by its retention of a portion of the sales tax as permitted by Illinois law;

e. whether AT&T should be enjoined from collecting sales tax on internet access;

f. whether AT&T should be required to seek a refund of sales taxes paid to the Illinois tax authorities and to return any tax refund to Plaintiff and members of the Class.

26. All common questions are able to be resolved through the same factual occurrences as specifically and/or generally alleged herein.

27. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has no claims antagonistic to those of the Class. Plaintiff has retained competent and experienced counsel in complex class actions, mass tort and products liability litigation. Counsel is committed to the vigorous prosecution of this action.

28. The prosecution of separate actions by the Plaintiff and individual members of the Class against the AT&T Defendants would create a risk of inconsistent or varying adjudications

on the common issues of law and fact related to this action.

29.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

30.     The expense and burden of litigation would substantially impair the ability of the Class members to pursue individual cases to protect their rights.  In the absence of a class action, AT&T will retain the benefits of its wrongdoing and will continue to collect sales tax improperly.

31.     Class certification under Rule 23(b)(1) is appropriate because adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications.

32.     Class certification under Rule 23(b)(2) is appropriate because AT&T has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole in that AT&T has refused to cease collecting sales tax for internet access.

33.     Class certification under Rule 23(b)(3) is appropriate because the common issues of fact and law alleged herein are common to the Class and predominate over any questions affecting only individual members, thereby rendering the class action superior to all other available methods for the fair and efficient adjudication of this controversy.

34.     Class certification is also appropriate pursuant to Illinois law because, as set forth in the Complaint, the AT&T Defendants have acted and/or refused to act on grounds generally applicable to Plaintiff and the Class, thereby warranting appropriate injunctive and/or declaratory relief.

## COUNT I - Breach of Contract

35.     Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in Paragraphs 1 through 34 of the Complaint.

36.     AT&T entered into a form contract with Plaintiff (and the other members of the Class) which permits AT&T to charge for its services, including internet access, on a monthly basis and permits AT&T to charge Plaintiff (and other members of the Class) for all applicable and legally due federal, state and local taxes.

37.     The contract does not permit AT&T to charge for taxes that are not due under law, including taxes for access to the internet.

38.     Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiff sales tax for internet access.

39.     In so doing, AT&T breached its contract with Plaintiff and the Class.

40.     As a result of the breach of contract, Plaintiff and the Class were damaged in the amount of sales tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged Plaintiff and the Class.

41.     The statute of limitations for breach of a written contract under Illinois law is ten years.  735 ILCS § 5/13-206.

## COUNT II
### Breach of Covenant of Good Faith And Fair Dealing

42.     Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in Paragraphs 1 through 41 of the Complaint.

43.     AT&T's breaches of the form contracts with the Plaintiff and the Class, as alleged

above, also constitute a breach of AT&T covenant of good faith and fair dealing to the Plaintiff

and the Class, which is imputed into every contract in Illinois under the common law of Illinois

and the Restatement (Second) of Contracts §205.

44.     AT&T breached its duty of good faith and fair dealing to the Plaintiff and the

Class by unfairly charging the Plaintiff and the Class state and local sales tax for internet access.

45.     The abovementioned breaches of contract and covenant of good faith and fair

dealing have caused the Plaintiff and the Class economic damages.

### COUNT III
### Damages Under the Illinois Consumer Fraud Act

46.     Plaintiff hereby incorporates and adopts by reference each and every allegation

set forth in Paragraphs 1 through 45 of the Complaint.

47.     The Illinois Consumer Fraud Act, 815 ILCS 505/1, *et seq.*, was enacted to

prohibit, and protect persons from, deceptive, fraudulent and unfair practices.

48.     Section 815 ILCS 505/2 prohibits unfair methods of competition and unfair or

deceptive acts or practices, including, but not limited to, the use or employment of any

deception, fraud, false pretense, false promise, misrepresentation or the concealment,

suppression or omission of any material fact, with intent that other rely upon the concealment,

suppression or omission of such material fact, . . . whether any person has in fact been mislead,

deceived or damaged thereby.

49.     Pursuant to 815 ILCS § 505/1(b), the term "merchandise" includes any sale of

services enabling Internet access.

50.     The acts and practices engaged in by AT&T, as set forth herein, constitute unfair,

deceptive and/or fraudulent business practices in violation of 815 ILCS § 505/1 *et seq.*

51.     In failing to inform Plaintiff and the Class that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiff and the Class of a material fact in connection with the sale of merchandise in violation of 815 ILCS § 505/2.

52.     AT&T intended that the Plaintiff rely on the aforesaid deceptive acts and practices.

53.     The aforesaid deceptive acts and practices occurred in the course of conduct involving trade or commerce.

54.     The aforesaid violations of the Illinois Consumer Fraud Act have caused Plaintiff and the Class substantial and ascertainable loss of money and/or property and other damages.

55.     AT&T's conduct as aforesaid was wanton, willful, outrageous and in reckless indifference to the rights of Plaintiff and others similarly situated and, therefore, warrants the imposition of punitive damages.

56.     Plaintiff has been forced to hire attorneys to enforce his rights under the Illinois Consumer Fraud Act.

## COUNT IV
### Injunctive Relief Under Illinois Consumer Fraud Act

57.     Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in Paragraphs 1 through 56 of the Complaint.

58.     AT&T continues to charge Plaintiff and other members of the Class state and local sales tax on the sale of internet access.

59.     The charging of state and local sales tax on the sale of internet access when no such tax is due is a violation of 815 ILCS § 505/1 *et seq.*, as pleaded in Count III.

60.     815 ILCS § 505/10 permits the Court to enter injunctive relief to prevent AT&T's

continued violation of the law by continuing to charge state and local sales taxes on the sales of

internet access.

## COUNT V - Unjust Enrichment

61.     Plaintiff hereby incorporates and adopts by reference each and every allegation

set forth in Paragraphs 1 through 34 of the Complaint.

62.     On information and belief, AT&T retains the permitted amount of the state sales

tax it collects.

63.     AT&T collects this amount to the detriment of Plaintiff and members of the Class.

64.     AT&T thus retains funds that in good conscience and equity it should not be

entitled to retain.

65.     As a result AT&T is unjustly enriched at the expense of Plaintiff and the Class.

66.     Accordingly, Plaintiff and the Class seek full disgorgement and restitution of the

amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

## COUNT VI - Injunctive Relief

67.     Plaintiff hereby incorporates and adopts by reference each and every allegation

set forth in Paragraphs 1 through 66 of the Complaint.

68.     AT&T's continued charging of Plaintiff and the Class of state and local sales tax

on the sale of internet access results in a continuing harm to Plaintiff and the Class in that

Plaintiff and the Class must pay additional sums of money on a monthly basis that AT&T has no

legal right to collect from them.

69.     Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and

the Class state and local sales tax on the sale of internet access.

70.    Plaintiff and the Class have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

71.    Plaintiff and the Class have no adequate remedy at law to stop the collection of such taxes.

72.    Plaintiff and the Class seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access absent this Court's order enjoining AT&T from the collection of such taxes.

WHEREFORE, Plaintiff, individually and on behalf of the Class, seeks the following relief:

A.    certification of the proposed class;

B.    actual damages in the amount of all "taxes" improperly charged by AT&T on sales of internet access to Plaintiff and the Class;

C.    punitive damages in an amount to punish Defendants' egregious conduct as set forth above and to deter Defendants and others from engaging in similar conduct;

D.    disgorgement of all funds collected by AT&T as "taxes" on internet access not remitted to the state of Illinois or any local taxing authority, and the return of such funds to Plaintiff and members of the Class;

E.    this Court's Order enjoining Defendants' collection of "taxes" on sales of internet access;

F.    attorneys' fees and those costs as are available under the law or equity;

G.    prejudgment interest in the statutory amount; and

H.    such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues stated herein, and all issues so triable.

Respectfully submitted,

/s/Mark C. Goldenberg
Mark C. Goldenberg, #00990221
Thomas P. Rosenfeld #35305 (pro hac vice) (pending)
Goldenberg Heller Antognoli & Rowland, P.C.
2227 South State Route 157
Edwardsville, IL 62025
618-656-5150
618-656-6230 (fax)
mark@ghalaw.com
tom@ghalaw.com

Edward D. Robertson, Jr. #27183 (pro hac vice) (pending)
Mary D. Winter #38328 (pro hac vice) (pending)
Bartimus, Frickleton, Robertson & Gorny, P.C.
715 Swifts Highway
Jefferson City, Mo. 65109
573-659-4454
573-659-4460 (fax)
chiprob@earthlink.net
marywinter@earthlink.net

James P. Frickleton #20602 (pro hac vice) (pending)
Bartimus, Frickleton, Robertson & Gorny, P.C.
11150 Overbrook Road, Suite 200
Leawood, KS 66211
913-266-2300
913-266-2366 (fax)
jimf@bflawfirm.com

Harry Huge (pro hac vice) (pending)
The Huge Law Firm LLC
1080 Wisconsin Ave, N.W., Suite 3016
Washington, D.C. 20007
202-965-4672
harryhuge@comcast.net

13

Theodore Huge (pro hac vice) (pending)
Theodore Huge Law Firm LLC
31 Broad Street
Charleston, SC  29401
843-793-4702
thh@thehugelawfirm.com

ATTORNEYS FOR PLAINTIFFS