IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER R. HAVRON, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 09-1040-GPM ) |
| AT&T, INC., a Delaware corporation, and AT&T MOBILITY, LLC, a Delaware limited liability corporation, | ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court has reviewed sua sponte the allegations of federal subject matter jurisdiction in the complaint in this cause (Doc. 2). *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 588 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) ("Jurisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (citation omitted). Plaintiff Christopher R. Havron brings this action against Defendants AT&T, Inc. ("AT&T"), and AT&T Mobility, LLC ("AT&T Mobility"), challenging taxes charged by Defendants for wireless Internet access, allegedly in violation of the

Internet Tax Freedom Act ("ITFA"), 47 U.S.C. § 151, and the Illinois Telecommunications Excise Tax Act, 35 ILCS 630/1 *et seq*. Havron's complaint asserts claims on behalf of himself and a proposed class of Illinois residents for breach of contract, breach of the covenant of good faith and fair dealing, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, unjust enrichment, and equitable relief. Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).[1]

Under the CAFA federal courts have jurisdiction, with specified exceptions, *see* 28 U.S.C. § 1332(d)(3), (d)(4), (d)(5), (d)(9), as to class actions, including putative class actions, commenced on or after February 18, 2005, in which claims are asserted on behalf of one hundred or more class members, at least one class member is a citizen of a state different from at least one defendant or, alternatively, at least one class member is a foreign state or a citizen or subject of a foreign state and at least one defendant is a citizen of a state (and vice versa), and the class claims exceed in the aggregate $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(1)(B), (d)(1)(D), (d)(2), (d)(5)(B), (d)(6), (d)(7), (d)(8); *Willis v. Greenpoint Mortgage Funding, Inc.*,

---

1. Although federal subject matter jurisdiction is not alleged in this case on the basis of 28 U.S.C. § 1331, it appears from Havron's complaint that this may in fact be a case arising under federal law, given that resolution of a question of federal law – whether the conduct by AT&T and AT&T Mobility alleged in the complaint violates the ITFA – is an element, and an essential one, of Havron's state-law claims for relief. *See Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699-700 (2006); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312-14 (2005); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921); *Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 909-12 (7th Cir. 2007); *Kalbfleisch v. Columbia Cmty. Unit Sch. Dist. Unit No. 4*, 644 F. Supp. 2d 1084, 1088 n.3 (S.D. Ill. 2009); *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1093-96 (S.D. Ill. 2007). However, the Court is not required to decide this issue at this time.

Civil No. 09-593-GPM, 2009 WL 4730957, at *1 (S.D. Ill. Dec. 8, 2009); *Baker v. Acer Am. Corp.*, Civil No. 09-885-GPM, 2009 WL 3681865, at *1 (S.D. Ill. Nov. 3, 2009); *Springman v. AIG Mktg., Inc.*, No. 07-737-GPM, 2007 WL 3406927, at *2 (S.D. Ill. Nov. 14, 2007); *Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 768, 772 (S.D. Ill. 2006); *Schillinger v. 360Networks USA, Inc.*, Civil No. 06-138-GPM, 2006 WL 1388876, at *2 (S.D. Ill. May 18, 2006) (quoting Pub. L. 109-2, § 9, 119 Stat. 4). Havron, as the proponent of federal subject matter jurisdiction in this instance, bears the burden of proof as to the existence of such jurisdiction. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447-48 (7th Cir. 2005); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 251 (7th Cir. 1981); *Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 2475285, at *1 (S.D. Ill. Aug. 11, 2009); *Anderson v. Hackett*, 646 F. Supp. 2d 1041, 1046 (S.D. Ill. 2009).

It appears from the allegations of the operative complaint in this case that this is a putative class action commenced after the effective date of the CAFA in which the proposed class contains thousands of persons, well in excess of the minimum number of class members required for the exercise of jurisdiction under the CAFA. *See* Doc. 2 at 5 ¶ 23. Also, there is minimal diversity of citizenship here. According to the allegations of the complaint, Havron is a citizen of Illinois, while AT&T is a corporation organized under Delaware law with its principal place of business in Texas and thus is a citizen of Delaware and Texas for purposes of federal diversity jurisdiction under the CAFA. *See* 28 U.S.C. § 1332(c)(1); *Morrison v. YTB Int'l, Inc.*, 641 F. Supp. 2d 768, 771 n.1 (S.D. Ill. 2009) (citing *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006)); *Coy Chiropractic Health Ctr., Inc. v. Travelers*

*Cas. & Sur. Co.*, No. 06-cv-678-DRH, 2007 WL 2122420, at *1 n.2 (S.D. Ill. July 20, 2007); *Roche v. Country Mut. Ins. Co.*, Civil No. 07-367-GPM, 2007 WL 2003092, at *2 n.2 (S.D. Ill. July 6, 2007).[2] Unfortunately, although the operative complaint alleges that the amount in controversy in this case exceeds in the aggregate $5 million, exclusive of interest and costs, the complaint makes this allegation regarding the jurisdictional minimum amount for purposes of jurisdiction under the CAFA "on information and belief." Doc. 2 at 3 ¶ 9. The Court cannot accept allegations concerning facts essential to the existence of federal subject matter jurisdiction that are made on information and belief, instead of personal knowledge. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Ellis v. Hansen & Adkins Auto Transp.*, Civil No. 09-677-GPM, 2009 WL 4673933, at *2 n.2 (S.D. Ill. Dec. 4, 2009); *Stephens v. Burns & Wilcox, Ltd.*, Civil No. 09-860-GPM, 2009 WL 3756444, at *2 n.3 (S.D. Ill. Nov. 7, 2009); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006). Therefore, Havron must amend his complaint to omit all references to information and belief in his pleading of facts necessary to establish the existence of federal subject matter jurisdiction in diversity under the CAFA.

---

2. AT&T Mobility is a limited liability company ("LLC") organized under Delaware law with its principal place of business in Georgia and therefore is a citizen of Delaware and Georgia for purposes of federal diversity jurisdiction under the CAFA. *See* 28 U.S.C. § 1332(d)(10); *Bemis v. Safeco Ins. Co. of Am.*, Civil No. 09-315-GPM, 2009 WL 1972169, at *2 n.3 (S.D. Ill. July 8, 2009); *Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at *7 n.3 (S.D. Ill. Nov. 22, 2006). The provision of the CAFA dealing with the citizenship of unincorporated associations, such as LLCs, is a legislative repeal, of course, of the familiar federal common-law rule that the citizenship of an unincorporated association for diversity purposes is the citizenship of each of the association's members. *See Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 625 (7th Cir. 1998) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990)); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998); *Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-954-GPM, 2009 WL 4506298, at *2 (S.D. Ill. Nov. 26, 2009); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1039, 1040 (S.D. Ill. 2006).

To conclude, Havron is **ORDERED** to file a first amended complaint properly alleging the amount in controversy in this case for purposes of federal subject matter jurisdiction in diversity under the CAFA not later than 12:00 p.m. on Monday, December 21, 2009. Failure by Havron to file a first amended complaint as herein ordered will result in the dismissal of this case for lack of federal subject matter jurisdiction. *See, e.g., Busch v. Lee Enters., Inc.*, Civil No. 09-780-GPM, 2009 WL 4544393, at *1 (S.D. Ill. Dec. 1, 2009); *Ball v. Morgan Stanley & Co.*, Civil No. 09-406-GPM, 2009 WL 1708791, at **1-2 (S.D. Ill. June 17, 2009); *Ball v. Southwest Fiduciary, Inc.*, Civil No. 09-194-GPM, 2009 WL 1708764, at *2 (S.D. Ill. June 17, 2009).

**IT IS SO ORDERED.**

DATED: December 16, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge